I would love to start off with the appellant. Could you please make your appearance? Yes, Your Honor, good morning. May it please the Court, Michael D. Jones, the law firm of Eckert Siemens, on behalf of the appellant, the Milton Hershey School. I respectfully request to reserve three minutes for rebuttal. Three minutes is fine, sir. Thank you very much. Please go ahead. Thank you. Article 9 of the parties' collective bargaining agreement provides that the union, on behalf of itself and the allegedly aggrieved employees,  any private lawsuit alleging employment discrimination in state or federal court. The question before this Court is whether that language clearly and unmistakably states that employees' right to sue for employment discrimination claims in state or federal court has been waived. Let me interrupt you for a second. This is Judge Meady. Thanks for that introduction. I just wanted to pick up on something you started with, the clause of the CBA you read. You ended your sentence with the language, state or federal court. The clause goes on to say, regarding the matters encompassed within this grievance procedure, could you help me understand the relevance of that remainder of text? Certainly, Your Honor. The collective bargaining agreement specifically includes within the definition of agreement not only the parties' nondiscrimination clause, but specifically defines a grievance to include any dispute alleging discrimination against any employee based upon membership in any protected categories under federal or state law. Accordingly, this waiver language is far different than the court cases relied upon by the appellees below and the district court. This clearly makes statutory discrimination claims capable of being brought under the grievance and arbitration clause. What's the purpose of the and or, since we're really focused on textualism at the moment? It would appear to a reader that it could be interpreted in more than one way, leading to the appellee's view and the district court's view that it could be thought to be ambiguous. Well, Your Honor, I would submit that coupled with the explicit waiver of the right to sue for discrimination claims in federal or state court, there cannot be such an interpretation that what is issued is only contractual claims. The waiver of the ability to bring a cause of action in state or federal court creates an exclusivity in the grievance and arbitration procedure, which renders the waiver clear and unmistakable. Why the language and or? That was my question. I'm not sure that I understand your response. Is it to be all inclusive? Is it because we know from the cases, Wright, Lawrence, Thompson, et al., that the language in 10.1 is not going to get you there. And I thought that your response to Judge Mady's question was going to be that encompassed within she refers back to this and this presents the clarity, but I just need to understand what your position is on and or, because and 10.1 isn't helpful or 10.1 could be deemed confusing. I just wanted your view on that. Well, Your Honor, I think standard textual interpretation of and or means that this clause includes categories protected under federal or state law and or, meaning both, as included in the separate nondiscrimination clause. Now, the separate nondiscrimination clause delineates categories of prohibited discrimination, but the clause preceding and or specifically references federal or state law. Thereby, the and or includes both statutory and contractual claims within the definition of agreements. So 10.1 wouldn't be redundant because it's contractual as opposed to the previous clause, which is only statutory. Correct, Your Honor. Correct. And that is what distinguishes this arbitration clause from what the Supreme Court referred to as a general arbitration clause, which provides for arbitration only if matters under dispute or interpretation of the CBA. This includes something far more than just a promise not to discriminate under the contract. This specifically includes federal or state discrimination claims within the definition of the grievance, as well as provides the explicit waiver of the judicial forum for the resolution of those claims. Accordingly, both the contractual promise not to discriminate and the statutory law prohibition on discrimination are both cognizable under the arbitration clause and exclusively designated to be resolved under the arbitration clause. Judge Porter? Well, I don't have much. I would ask why the waiver provision couldn't just list the statutes that you want to arbitrate? Well, Your Honor, the first issue with the naming of statutes by name is that that is not what the parties agree on. They agree to something far broader than a limited enumerated list. Further, nothing in Wright or Penn Plaza requires the enumeration of a statute by name to find a clear and unmistakable waiver. To impose such a requirement that the statute be specifically listed by name directly contravenes the Supreme Court holding that the waiver need only be explicit and would effectively operate to disfavor arbitration. The definition of the grievance in the CBA at issue in this case is virtually identical to the language which was cited favorably by this Court in its footnotes in Jones v. Doe, the district court cases in the circuit Maldonado and Babcock, the cases out of the Fourth Circuit, Singletary and Ailman, and the Thompson case out of the Eighth Circuit. None of those cases involved the statute at issue being enumerated in the CBA, but instead relied upon broader waiver language, such as here, waiving the right to bring state or federal claims. You're saying that when the Supreme Court said the waiver has to be explicit, if they meant to say enumerated, they would have said that. So explicit and enumerated are not the same thing. They are not, Your Honor. And such an interpretation would impermissibly limit the holdings of Wright and Penn Plaza. On that regard, to explain the clear and unmistakable standard and how I think it has been too narrowly interpreted, I think the Second Circuit correctly noted in Abdelieva that the clear and unmistakable standard set forth by Wright and Penn Plaza isn't intended to disfavor union-negotiated waivers of a judicial forum. In Penn Plaza, the Supreme Court specifically stated that nothing suggests a distinction between an agreement reached with an individual employee and one reached on behalf of a group of employees by the union. Justice Scalia and Wright described the standard as being explicitly stated or particularly clear, such that the waiver wouldn't operate by general or less than explicit arbitration clauses. As I've explained, this is not the typical arbitration clause, which only talks about disputes under the agreement. It defines statutory claims as being subject to the grievance clause and the arbitration clause, as well as specifically says those claims cannot be brought in court. Let me ask you this question on that particular point. You've established the duality in what's possible to make it clear and unmistakable. Tell me this. What element of either 10.1 or the grievance and arbitration procedure would have to be excised for you not to be able to argue clear and unmistakable? Is it the encompassed within? Is it the reference before, the clause before and or? What would make it, in your view, not clear and not unmistakable? Yes, Ron, that is a good question. Either of those provisions, the explicit waiver of the judicial forum, or the specific definition of a grievance to include state and federal law discrimination claims, is in of itself sufficient to constitute a judicial waiver under the case law. So just the clause preceding and or, that's the clause that turns the case one way or the other? That clause would be sufficient as it specifically references protected categories under federal or state law being within the definition of a grievance. And that is exactly the type of provision that's been held to be a waiver in, at least in DICTA, in this case it's Jones v. Doe's footnote, as well as the Singletary, Edelman and Thompson cases out of the sister circuits. That language alone, incorporating federal and state law claims into the grievance definition would be sufficient. Our arbitration clause goes further, though, and also says those claims cannot be brought in court. Either of those clauses, standing alone clearly and unmistakably, states that discrimination claims must be brought under the contract and must only be brought under the contract. Now, to get back to, I believe I got sidetracked, to get back to the question that the panel posed about listing the statutory claims, one other point I did want to make is that using broad language such as any and all claims, as opposed to a specific enumeration of a statute, has been held by this court, for example, in Garrity v. Insurance Services and American Lumber v. Amtrak, to constitute a sufficient waiver of the substantive clause of action in a severance agreement or release. The Supreme Court has made clear in all its arbitration case law, arbitration is not the waiver of a substantive right, only a forum selection provision. To interpret broad language requiring all state or federal claims to be insufficient would disfavor arbitration and put it in a less favorable category than the actual release of substantive law claims, and that cannot be the case. Judge May, do you have anything further, sir? Nothing further. Judge Porter? No, sir. All right. Well, we'll hear you on rebuttal, sir. Thank you so much. Thank you, Your Honors. We'll hear from Abheli now, please. Good morning. May it please the Court, Kate Olson from Consul-Mediacy Law, on behalf of Abheli, Bradley, and Val Darrington. Good morning. Good morning. I respectfully request to reserve three minutes for rebuttal. Do you have a counterclaim? No, there's no counterclaim. No, I don't need to reserve. I apologize. I apologize. I don't need to reserve. Okay. Thank you. Go ahead. Good morning. We're here to ask this panel to affirm the lower court's ruling that the collective bargaining agreement at issue did not contain a clear and unmistakable waiver of the right to bring a private lawsuit in federal court for Title VII and Pennsylvania Human Relations Act claims. We agree with the district court that in analyzing the language that this panel just was questioning my adversary upon, Section 9 and Section 10.1 of the CDA, that within those two provisions, there's no clear and unmistakable waiver that the provisions do not bring the federal and state statutes within the contract and therefore are not part of the grievance procedure as defined. What would they have had to say to make it clear and unmistakable? Well, there are a number of places where with the addition of two or three words, we could be in a situation where this court could conclude based on right and 10 that there was a clear and unmistakable waiver. So, for instance, if you look at Section 10.1, the district court read, as do the Abhelis, the statement, any dispute alleging discrimination against any employees in the bargaining unit, based upon membership in any protected categories under federal or state law, is actually defining what protected categories were involved or are involved in this discrimination provision. That could have been rewritten to say any dispute alleging discrimination under state or federal law and or against any employees in the bargaining unit based upon membership in any protected categories. Well, let me take Judge Porter's question and just tweak it a little bit. You've now told us how it could be better in your view, but the question that I have is, what is the ambiguity? You argue and the district court argued, well, the district court said, they didn't argue, that it is not clear and it is not unmistakable. And I'd like you to focus on the language in 9.1 that begins with any dispute and ends with set forth in Section 10.1 of this agreement. When you read or consider that part of the agreement, how is it unclear and obviously not compliant with Wright-Lawrence at all? Well, I think the fact that the Abhelis and the district court and the appellants disagree about what that provision means is evidence. So, for instance, I read, the Abhelis read the statement that you just asked us to reflect upon as defining protected categories. So, as we all know, federal law offers protections to certain groups of people, and that is how we read that sentence. It's not a waiver of those claims, but it's rather a reference point to define the category, protected category. Isn't it a definition of a grievance? So, it's a definition of what the allegation of discrimination may be. So, for instance, if you read CBA Section 10.1, it refers to a category there of membership status in a union, which, of course, is not protected under Title VII, for instance. And so then if you read the definition of who is protected, it's incorporating the categories that federal law provides for protection, but it's not incorporating the statute itself. Well, here's what I don't understand on this clarity-unclarity point that I think dovetails with what Judge Porter asked you. Help us. When the language says, any dispute alleging discrimination, and that clause ends with any protected categories under federal or state law, is there another reading but that the clause intends to cover any claim of discrimination that is available anywhere in federal statutory law or anywhere in state statutory law? Well, again, it relates to defining who is protected from discrimination. So, I agree that it's a reference to state or federal law as to who might be protected from discrimination, but it's not bringing that statute into the contract. Can I follow up on Judge Greenaway's question and something you just said? So, in answering his question regarding the ambiguity you see in Section 9.1, I think I heard you say that part of the problem is that it does not include a reference to the statute itself, which is something that you also highlighted in your brief, that the statute must be explicitly listed by name in the CBA as a claim subject to perpetration. So, am I understanding your position correctly that absent the inclusion of specific statutes at issue, you view there being fatal ambiguity in the contract? Well, so I think there are situations where you would not need to explicitly enumerate the statute in order for there to be an effective waiver. However, notably, in both Wright and Penn Plaza, when the Supreme Court was considering the issue, in Penn Plaza they were dealing with a collective bargaining agreement that explicitly referenced the statute. In Wright, they were not. And so, though the Supreme Court has set forth the clear and explicit waiver requirement and has not provided the meets and bounds of that, they have been persuaded one way or the other based upon whether or not a statute was explicitly enumerated. It's not particularly cumbersome for either party negotiating these agreements when specifically addressing a discrimination provision to incorporate the five or six state or federal statutes at issue. What do you, in the clause that we've been focusing on, what do you think is, what would you argue is left out of the reference to any protected categories under federal or state law? Under federal or state law, so it would be, there are two places where perhaps there could have been a curing. I would also note that, you know, the contract itself is completely silent as to protected activity and claims related to retaliation, which are a substantial part of the underlying claims in this case. So, the lawyers here and the panel and the… But you know that retaliation falls within the ambit of discrimination. I know that because of Title VII and the related case law. So, I think it's a particularly glaring omission that this contract does not incorporate Title VII and does not even exclude in the non-discrimination paragraph, does not include any reference to protected activity. My knowledge is based entirely on my practice of federal anti-discrimination law and Title VII. Doesn't membership, doesn't discrimination on the basis of membership in a protected class under a federal statute include Title VII? So, I, Title VII defines who is protected. I agree with that. And it says you may not discriminate against that class of people on the basis of one of those distinguishing features. So, of course, I agree that that's what Title VII says, but I disagree that that's what the four-step grievance procedure says in the collective bargaining agreement. And I believe I failed to address the question of how could Section 9.1 be corrected so that it would be clear, unmistakable. I certainly would say if you look at the section that contains the actual waiver language, starting with the parties further agree, however, that the union on behalf of itself and the allegedly aggrieved employee waives releases, if after encompassed within this grievance procedure, it went on to say and or federal and state anti-discrimination law. Why wouldn't that be redundant? Well, for the reasons that I stated before and that Judge Hoppert stated in his opinion, because nowhere else in this agreement is it properly bringing in state and federal law into the contract and therefore subject to a waiver under the contract terms. I want to make sure I understand something you said about the language you were looking at in Section 9.1A, the definition of grievance. Are you saying that the language we've been talking about merely describes a group of people who may not be discriminated against? Yes, and that is also what the district court says. And specifically which words are you saying only describe that group of people? So any dispute alleging discrimination against any employees in the bargaining unit based upon membership in any protected categories under federal or state law. And that language is defining a grievance, right? That is what Section A purports to be, is defining a grievance. And we believe that the language is stating that discrimination occurs when an employee is claiming their membership in a protected category under a federal state law. The protected category is being defined by federal or state law as to who is protected. It's describing the dispute giving rise to the grievance, right? That's the nature of the dispute that gives rise to what's defining as a grievance. So I understand that it's explaining what the grievance is and it's explaining who may be alleging that they have been discriminated against. Is part of your concern about the language that there could be discrimination by a union member – I'm sorry, discrimination against a union member who's not in a protected category? Well, I'm not sure that I understand your question, Your Honor. Well, I'm trying to figure out – in order for this not to be as expansive as your adversary asserts, the argument would have to be that there's some group of people or some category of persons that are not covered. Right? That we're talking about a category of discrimination that is not captured. The argument of your adversary is this is broad. It says not just that you may not discriminate. Take 10.1 out of it. It says that any dispute alleging discrimination, and then it's definitional with regard to protected categories. Is your concern that that language doesn't capture discrimination against someone who's not in a protected category? Well, that may be, Your Honor, but I think my concern is just that the agreement is not compliant with what the law is regarding how you properly bring any federal or state claim within a contract so that the arbitrator then becomes the most appropriate forum to determine whether or not a contract has been violated. May I ask this question? Would it – in your view, would this section 9.1 language be clear and unmistakable if, instead of saying that agreements include the dispute alleging discrimination based on membership in any protected category under federal and state law, you substitute this? That it includes any dispute alleging discrimination in violation of Title VII of the Civil Rights Act of 1964. Would that do it? Yes. Okay. That would only do it with regard to Title VII. Well, correct. Title VII, and then you would have the state law claims, or if there was a mention in the discussion of – you know, they're just – it's silent. Why doesn't the language dispute alleging discrimination based on membership in a protected category under federal or state law, why doesn't that include a Title VII claim? Well, because I think we're reading it differently. So the district court and the appellees read that as – so the words under federal or state law, we read that as modifying membership in any protected category. So instead of saying under, it would say as defined by. That's how both the district court and the appellees are reading that sentence. You could move under federal or state law after any dispute alleging discrimination under federal or state law, and then it reads very differently. It's ambiguous the way it is now, given the fact that there is dispute as to certain words are modified. And the district court and the appellees believe that under federal or state law is simply defining protected categories. Would you kindly – your adversary mentioned a couple of times the footnote 17 in Jones v. Does, the 2017 case. And in that footnote, we said that language that's very similar to Milton Hershey's language is explicit. And can you discuss that footnote? I apologize, Your Honor. I do not have that footnote in front of me. Okay. However, I would – Oh, I'm sorry. Go ahead. No, I just was going to say I would also direct the court to the multiple circuit court opinions that we've cited to in our briefing that have found provisions similar to that here do not contain a clear and unmistakable waiver. Got it. Judge Mady? Nothing further. Judge Porter? Nothing further. All right. Thank you so much, Ms. Olson. We appreciate it. And we'll hear a rebuttal. Thank you, Your Honor. I'd like to address the interpretation that appellees urge that what the CBA contains is only an agreement to arbitrary claims under the contractual prohibition on discrimination and not statutory claims. First, that argument defies the clear text and the explicit judicial waiver which is contained. In fact, none of the cases that any of the parties have cited has included such an explicit waiver of a judicial form. Second, the court's interpretation below that all that occurs with this contractual language is that an employee has waived their right to sue in court for breach of the contractual non-discrimination agreement is belied by the fact that there is no such cause of action that the district court claims was being waived. An employee cannot sue in federal court for breach of a union agreement because that claim is already preempted by 301 of the Labor Management Relations Act. And that's been held by the Supreme Court as well as this court. Lastly, I'd like to briefly discuss something that none of us have discussed yet regarding the other provisions of the grievance and arbitration procedure, which again make clear that this encompasses statutory claims as well as the contractual. And that's the provisions regarding administrative agency proceedings. The CBA provides that an employee has the right to file an administrative agency charge, for example, with the EEOC or the PHRC. And it provides a mechanism where the parties can hold the grievance in abeyance until that administrative exhaustion requirement is completed. But then, when that process is concluded, it indicates that the parties have agreed that that claim cannot then be pursued in court. Again, the district court's interpretation and the appellee's interpretation is belied by the fact that the administrative agency process and the administrative exhaustion requirement is not required for contractual claims, nor is there administrative agency jurisdiction over contractual claims. So the district court's interpretation and the appellee's interpretation would further read this group of provisions out of the CBA, and thus it is not a permissible or reasonable interpretation of this language. I'd like to just briefly address that the standard here is an objective one. It's whether the language is clear and unmistakable. The definitional phrase, any dispute alleging discrimination, isn't just defining a category. It's encompassing within the grievance the dispute itself. All of the cases that I've cited have held that is enough to constitute a waiver. In addition, we have the explicit waiver of a judicial form. And that can mean nothing else because, as I've said, the only claim the district court purported to claim that was intended to waive is a claim that can't be brought in the first instance. Thank you. Judge Mady, Judge Corder, anything further? No. Nothing from me. Okay, great. Counsel, we appreciate your arguments, and we will take this matter under advisement. We want to thank you for accommodating our new world of doing these outside of the courthouse, and we wish you and your family the best as we go through this national crisis. Thank you.